CHARLES DILLER and HELEN DILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Diller v. Commissioner
Docket No. 8068-76.
United States Tax Court
T.C. Memo 1978-321; 1978 Tax Ct. Memo LEXIS 190; 37 T.C.M. (CCH) 1332; T.C.M. (RIA) 78321; August 16, 1978, Filed *190 Held, business entertainment expense substantiated under sec. 274(d), I.R.C. 1954. Held further, petitioners are not entitled to a deduction for home-office expense. Herbert J. Cropper, for the petitioners. $ 1Bryce Krantzthor, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $ 2,327.80 deficiency in petitioners' 1973 Federal income tax. The two issues are whether petitioners have satisfied the substantiation requirements of section 274(d)[1] with regard to $ 6,975 business entertainment expenses, and whether they are entitled to a $ 360 home-office expense. *191 FINDINGS OF FACT Some facts were stipulated and are found accordingly. Charles (hereinafter petitioner) and Helen Diller, husband and wife, resided in Novato, California, when they filed their 1973 return with the Internal Revenue Service Center, Fresno, California, and when they filed their petition herein. Charles Diller has been an outside liquor salesman for nearly 30 years. In 1973, his employer assigned him 114 accounts in the San Francisco, California, area, which included 65 bars and restaurants and 49 liquor stores. Petitioner, strictly a commission basis salesman, earned $ 27,469.30 in 1973. When petitioner calls on an account, he is expected to buy drinks for the owner and/or bartender and their customers. Petitioner also bought lunch for some of his clients. The purpose of these expenditures was to obtain an order from the account. Since petitioner's competitors sell the same liquor brands at a fixed price controlled by the manufacturer, these expenditures are petitioner's primary means of obtaining an order. Petitioner called on approximately ten bars a day purchasing drinks in about four bars a day. All promotional drinks were purchased at an account's *192 place of business. In 1973, petitioner paid and claimed a deduction of $ 6,975 for these promotion and entertainment expenses. That amount did not include any drinks or lunches for petitioner. Petitioner received no reimbursements from his employer for any promotion and entertainment expenses he incurred. In support of the deduction, petitioner maintained a meticulous daily diary listing the amount and place of each separate expenditure on each separate day. In addition, when recording expenditures for drinks in the month of January, petitioner would note the name of the bar or restaurant; whether the drinks were for the owner, bartender, customers of the bar, or any combination thereof; and he would reflect the name of the owner. For the rest of the year, petitioner noted, on a daily basis, the name of the bar and the total amount of drinks purchased. Petitioner never deducted amounts paid for drinks for anyone other than the owner and/or bartender of a bar which was a client or their customers. When recording expenditures for lunches or dinners purchased for bartenders or owners, petitioner would note the name of such individual, the name of the restaurant, and the amount *193 paid. Notations of all expenditures were made either immediately after calling on an account or at the end of each day. Petitioner transferred this information to his diary at the end of the day or no later than the end of the week. Thinking he had no further need of the notations after reflecting the information in the diary, petitioner discarded them. Respondent disallowed the entire $ 6,975 in his notice of deficiency on the ground that petitioner had not met the substantiation requirements of section 274(d). In his original brief, however, respondent conceded that the $ 1,076.05 which related solely to lunches satisfied section 274. Accordingly, only the $ 5,898.95 relating to promotional drinks is now in issue. Petitioner maintains an office in one room of his three bedroom two bath home. His employer did not provide him with office space. In 1973, petitioner deducted $ 30 per month for the use of said office, long distance business telephone calls, and office supplies. Respondent disallowed the entire $ 360 deduction. Petitioner presented no records substantiating the amount of his claimed expense at trial other than his own general testimony as to the estimated *194 frequency, nature, and cost of long distance calls from his office. OPINION The first issue is whether petitioner's $ 5,898.95 deduction for promotional drinks meets the substantiation requirements of section 274(d). Section 274(d)(2) provides that no deduction shall be allowed for any entertainment expense unless the taxpayer substantiates by adequate records or sufficient evidence corroborating his own statement the following elements of the expense: (a) amount, (b) time and place, (c) business purpose, and (d) the business relationship to the taxpayer of persons entertained. Business relationship is information relating to the "persons entertained, including name, title, or other designation, sufficient to establish business relationship to the taxpayer." (Emphasis added.) Sec. 1.274-5(b)(3)(v), Income Tax Regs.
Section 1.274-5(c)(3), Income Tax Regs., provides that the substantiation requirements of section 274(d) are satisfied if the taxpayer establishes each element of the expenditure (a) by his own statement, whether written or oral, containing specific information in detail and (b) by other corroborative evidence sufficient to establish such element. In the case *195 of the business relationship element, "the corroborative evidence may be circumstantial evidence." Documentary evidence for the above substantiation requirements is suspended for expenditures of less than $ 25. Sec. 1.274-5(c)(2)(iii)(b), Income Tax Regs.
Respondent argues petitioners are not entitled to a $ 5,898.95 deduction for the drinks since petitioner's diary failed to satisfy the business relationship element by not always reflecting the names of the persons entertained and because petitioner's testimony was not sufficiently detailed as to his activities on various dates. Under the facts of this case, we do not agree with respondent. The business relationship requirement of section 274(d) and of section 1.274-5(b)(3)(v), Income Tax Regs., seeks information sufficient to establish a business relationship to the taxpayer. This information may be supplied by the name, title, or other designation of the person entertained. When viewing this requirement in the context of petitioner's business, we believe his testimony and his diary designating the owner and/or bartender of an account or their customers is sufficient as an "other designation" within section 1.274-5(b)(3)(v), *196 Income Tax Regs. Respondent does not challenge any other element of the expense, including business purpose. For most of the month of January, petitioner's diary reflected the name of the account, whether drinks were purchased for the owner and/or bartender and their customers, and the name of the owner. Petitioner testified he only purchased drinks at an account's place of business and then only for the owner and/or bartender and their customers. Petitioner's diary was less specific for the remaining portion of the year at issue in daily reflecting the name of the account and the total drinks purchased; however, petitioner reaffirmed his earlier testimony that these were all his accounts and that the drinks so purchased were only for the aforementioned persons. We found petitioner's testimony direct, candid, and forthright. Under these circumstances, we think petitioner's testimony contained the specific and detailed information and his daily diary the necessary evidence corroborating that testimony as contemplated in section 1.274-5(c)(3), Income Tax Regs. The testimony and diary together quite clearly reflect the business occupation and, therefore the business relationship *197 of the persons entertained to petitioner's business. [2] The record is clear on the point that petitioner was required to purchase these drinks to obtain the goodwill of the owner and/or bartender. This was petitioner's only effective way to secure liquor orders upon which he was compensated on a commission basis. This is supported by the fact that competitor liquor salesmen carried the same liquor brands at prices fixed by the manufacturer. That petitioner's sales method was effective is evidenced by his 1973 commission income of $ 27,469.30. Finally, we see no reason to expect or require petitioner to obtain and note the names of unknown customers of the bar or restaurant where he buys drinks. As noted, this is strictly a goodwill measure to obtain an order from the owner and/or bartender. Moreover, the purpose of the substantiation requirements in section 274(d) is only to encourage the taxpayer to maintain proper records, not to unduly penalize him for compliance peculiar to his trade or business. See sec. 1.274-5(c)(1), Income Tax Regs.
Accordingly, under the circumstances presented by the record before *198 us, we find that petitioners have substantiated their expenses by other sufficient evidence within the meaning of section 1.274-5(c)(3), Income Tax Regs.
The second issue is whether petitioner is entitled to a $ 360 home-office expense deduction. Respondent disallowed the entire deduction. Petitioners have the burden of proof to establish both the amount and character of the expense. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. At trial, petitioner produced only vague and general testimony as to telphone calls which constituted part of this expense. We will not speculate as to whether petitioners incurred a $ 360 expense, they must offer proof establishing such. Considering the record before us, we find that petitioners have failed in their burden to establish and substantiate the amount, if any, of their home-office expense. We have considered petitioners' other arguments and find them unpersuasive. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Harris v. Commissioner,T.C. Memo. 1975-276↩.